UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FERNANDO RA,<br>KENNY BATISTA,<br>FERNANDO ROSARIO CRUZ,<br>YONATHAN JUNIOR GARCIA VALDEZ,<br>ANTTWAN CROSBIE,<br>ELMER GILL, and<br>MICHAEL ASHLEY,<br><br>*Defendants.* | **Protective Order**<br><br>**S1 20 Cr. 601 (PKC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **"Confidential" Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "confidential disclosure material," contains confidential information. The Government believes in good faith that such confidential disclosure material should not be disclosed to the defendants. In the event that defense counsel disagrees about the Government's designation of material as confidential disclosure material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as confidential disclosure material shall be controlling absent contrary order of the Court.

3. **"Sensitive" Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains sensitive information. The Government believes in good faith that such sensitive disclosure material should be reviewed by the defendants only in the presence of counsel. The Government further believes in good faith that the defendants should not maintain, retain, or keep copies of any records containing such sensitive disclosure material outside the presence of counsel. In the event that defense counsel disagrees about the Government's designation of material as sensitive disclosure material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as sensitive disclosure material shall be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the

defense solely for purposes of defending this case. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Counsel may disclose disclosure material that is not confidential or sensitive disclosure material to the defendants; personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses for purposes of defending this case.

6. Counsel may disclose confidential disclosure material only to personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this case.

7. Counsel may disclose sensitive disclosure material to the defendants only for the defendants' review in the presence of counsel for purposes of defending this case. The defendants shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside the presence of counsel. Counsel may otherwise disclose sensitive disclosure material only to personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses for purposes of defending this case.

8. Counsel shall provide a copy of this Order to any individual or entity to whom counsel discloses confidential or sensitive disclosure material.

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. However, confidential or sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has searched and seized pursuant to warrants issued during the course of the investigation, including from cellphones. Some of this ESI was seized from the defendants. Upon the consent of counsel, the Government is authorized to disclose to counsel, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material (the "seized ESI disclosure material"). The defendants, counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for

4

direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later. If disclosure material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS  
United States Attorney

by: _____  Date:  04/26/2021  
Rushmi Bhaskaran  
Benjamin Woodside Schrier  
Assistant United States Attorney


_____  Date:  _____  
Troy Smith, Esq.  
Counsel for Fernando Ra


_____  Date:  _____  
Peter Quijano, Esq.  
Anna Sideris, Esq.  
Counsel for Kenny Batista

5

_____     Date: _____
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz


_____     Date: _____
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____     Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


_____     Date: _____
Dawn Cardi, Esq.
Counsel for Elmer Gill


_____     Date: _____
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       May 12, 2021

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later. If disclosure material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date: 04/26/2021
Rushmi Bhaskaran
Benjamin Woodside Schrier
Assistant United States Attorney

_____  Date: 5/5/21
Troy Smith, Esq.
Counsel for Fernando Ra

_____  Date: _____
Peter Quijano, Esq.
Anna Sideris, Esq.
Counsel for Kenny Batista

5

direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case, whichever date is later. If disclosure material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____        Date:  04/26/2021
Rushmi Bhaskaran
Benjamin Woodside Schrier
Assistant United States Attorney


_____             Date: _____
Troy Smith, Esq.
Counsel for Fernando Ra


_____             Date: 4/29/21
Peter Quijano, Esq.
Anna Sideris, Esq.
Counsel for Kenny Batista

5

_____                                    Date: 5/4/2021
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz


_____                                    Date: _____
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____                                    Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


_____                                    Date: _____
Dawn Cardi, Esq.
Counsel for Elmer Gill


_____                                    Date: _____
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       April __, 2021


                                                             _____
                                                             HONORABLE P. KEVIN CASTEL
                                                             UNITED STATES DISTRICT JUDGE
                                                             SOUTHERN DISTRICT OF NEW YORK

6

_____          Date: _____
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz

_____          Date: 5/3/21
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____          Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


_____          Date: _____
Dawn Cardi, Esq.
Counsel for Elmer Gill


_____          Date: _____
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       April __, 2021

                                        _____
                                        HONORABLE P. KEVIN CASTEL
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF NEW YORK

6

_____  Date: _____
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz


_____  Date: _____
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____  Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


_____  Date: _____
Dawn Cardi, Esq.
Counsel for Elmer Gill


_____  Date: _____
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       April __, 2021

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

6

_____   Date: _____
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz


_____   Date: _____
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____   Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


*/s/ Dawn M. Cardi/*   Date: 05/03/2021

Dawn Cardi, Esq.
Counsel for Elmer Gill


_____   Date: _____
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       April __, 2021


_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

_____          Date: _____
Daniel Parker, Esq.
Counsel for Fernando Rosario Cruz


_____          Date: _____
Stephen Turano, Esq.
Counsel for Yonathan Junior Garcia Valdez


_____          Date: _____
David Touger, Esq.
Counsel for Anttwan Crosbie


_____          Date: _____
Dawn Cardi, Esq.
Counsel for Elmer Gill


___*[signature]*_____          Date: April 26, 2021
David Bertan, Esq.
Counsel for Michael Ashley


SO ORDERED:

Dated: New York, New York
       May ___, 2021


                                             _____
                                             HONORABLE P. KEVIN CASTEL
                                             UNITED STATES DISTRICT JUDGE
                                             SOUTHERN DISTRICT OF NEW YORK

6